UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

      vs.                                      Case No.  8:17-cr-561-T-17TGW

JOEL JAVIER LIRIANO-MEREJILDO
_____/

**DEFENDANT LIRIANO'S SENTENCING MEMORANDUM
AND MOTION FOR DOWNWARD DEPARTURE**

Defendant, Joel Javier Liriano-Merejildo, by and through his undersigned counsel, hereby provides his sentencing memorandum and motion for downward departure:

**The Advisory Nature of the Guidelines**

In United States v. Booker, 543 U.S. 220, 244-45 (2005), the Supreme Court concluded that use of the guidelines in other than an advisory function violates the defendant's Sixth Amendment Rights. Accordingly, a district court's discretion is no longer limited by the guidelines, and this Honorable Court is now unencumbered in its ability "to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." Gall v. United States, 552 U.S. 38, 53 (2007) (quoting Koon v. United States, 518 U.S. 81 (1996)).

As this Honorable Court is well aware, after United States v. Booker, 543 U.S. 220, 244-45 (2005), section 3553 of Title 18, United States Code, is the predominant factor in federal sentencing. This statute identifies four "purposes" of sentencing: punishment, deterrence, incapacitation, and rehabilitation. 18 U.S.C. § 3553(a)(2). To achieve these ends, § 3553(a) requires sentencing courts not only to consider the advisory guideline range, but also to contemplate the facts of a specific case through the lens of seven factors. Id. at § 3553(a)(1)-(7).

In <u>United States v. Hunt</u>, 459 F.3d 1180 (11th Cir. 2006), the court summarized the factors that must be considered under § 3553(a), including:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established . . .;
> (5) any pertinent [Sentencing Commission] policy statement . . .;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

<u>Id.</u> at 1182.

Moreover, the contention that the Guidelines enjoy a presumption of reasonableness in the district courts has been rejected. <u>Rita v. United States</u>, 551 U.S. 338, 351 (2007). A district court now has the ability and authority to impose a sentence merely "because the case warrants a different sentence," regardless of the range determined by a Guideline calculation. <u>Id.</u> A sentencing court may impose any lawful sentence it deems appropriate as long as the court properly calculates and considers the Sentencing Guidelines along with the sentencing factors of 18 U.S.C. § 3553(a), before reaching its final decision. <u>Id.</u>

### **Guideline Comments on Paragraph 77 – USSG §§ 5H1.6, 5K1.1 and 5K2.0(a)(4)**

Since the draft of the presentence investigation report was issued on June 6, the government has moved for a 4-level reduction of defendant Liriano's offense level to account for his substantial assistance. Defendant is very appreciative. If the Court grants the government's motion for such a departure, then defendant's adjusted offense level will drop from 33 to 29.

Given that the defendant has no criminal record and thus belongs to Offender Category I, his advisory Guideline range would be 87-108 months. All three of his codefendants who have been sentenced to date have been remanded to the custody of the Attorney General for a term of 87 months. Accordingly, there would appear to be no reason that defendant Liriano should receive a prison term in excess of 87 months. The question is whether he should receive a sentence of less than 87 months.

USSG § 5H1.6 provides that "family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted." Note the contrast with § 5H1.12, which categorically states that "[l]ack of guidance as a youth" is "not relevant." The door is thus open for family ties and responsibilities to play a role in a guideline analysis.

USSG § 5K2.0(a)(4) provides:

> DEPARTURES BASED ON NOT ORDINARILY RELEVANT OFFENDER CHARACTERISTICS AND OTHER CIRCUMSTANCES. --An offender characteristic or other circumstance identified in Chapter Five, Part H (Offender Characteristics) or elsewhere in the guidelines as not ordinarily relevant in determining whether a departure is warranted may be relevant to this determination only if such offender characteristic or other circumstance is present to an exceptional degree.

Defendant respectfully suggests that his family ties and responsibilities are indeed present to such an exceptional degree as to become relevant. His four-year-old daughter was born with a congenital defect of the liver. While in Ecuador, the defendant was advised by his daughter's physician that her life expectancy was roughly 11 years. The gravity of the daughter's illness suggests that a departure is warranted in order to maximize the defendant's opportunity to regain his freedom in time to contribute positively to the life of this challenged young girl. A sentence of 87 months, even with gain time equal to 15 percent of the total and with credit for more than seven months served to date, would leave the defendant in custody for roughly 67 additional months after the date of sentencing. The daughter will be ten years old at that point. The

defendant respectfully suggests that the opportunity to fulfill his fatherly role for even a brief period of years upon his release will enrich his life and that of his daughter. Common sense suggests that this opportunity will contribute to his appreciation of what he has lost by his misconduct, thereby deterring future misconduct and promoting his rehabilitation.

Defendant notes and appreciates that Paragraph 78 of the final PSI properly expresses the view that these family considerations may also warrant a sentence outside the advisory guideline system because of the factors set forth in 18 U.S.C. § 3553(a). Given that the defendant's qualification for a reduction under U.S.S.G. § 5K1.1 for substantial assistance will bring his sentence below the statutory minimum, it may well be that the variance discussed below, as suggested by Paragraph 78 of the PSI, is a sufficient means of addressing this issue. If for any reason this Honorable Court decides not to depart downward by one level to account for defendant's family ties and responsibilities, then defendant would ask alternatively that the Court vary downward to achieve the same objective.

WHEREFORE, defendant hereby submits the foregoing sentencing memorandum and respectfully requests that this Honorable Court

a) grant the government's motion for a 4-level downward departure under § 5K1.1;
b) grant this motion for an additional downward departure of one (1) level, or alternatively, vary downward by an equivalent amount, to account for the truly exceptional family responsibility that favors the defendant's return to Ecuador roughly nine months before the Guidelines would otherwise provide;
c) calculate an advisory Guideline range of 78-97 months (adjusted offense level of 28 and offender category I);
d) impose a sentence of 78 months in custody, no fine, no restitution, a $100.00 special assessment, and a five-year term of supervised release upon discharge from custody; and

e) recommend to the Bureau of Prisons that the defendant be housed at a low security facility, that he receive English language training and other suitable educational opportunities while in prison, and that he receive job training in electrical wiring, welding, carpentry or painting or some combination thereof.

        Respectfully submitted,

        */s/ Warren A. Zimmerman*
        WARREN A. ZIMMERMAN
        Florida Bar No. 652040

        WARREN A. ZIMMERMAN, P.A.
        4114 Sparrow Ct.
        Lutz, FL  33558-2727
        Telephone: (813) 230-1465
        WAZTPAFL@yahoo.com
        WAZTPAFL@gmail.com

        Attorney for Defendant Liriano-Merejildo

## Certificate of Service

I HEREBY CERTIFY that on July 6, 2018, I filed the foregoing document via the Court's CM/ECF system and ensured that the same was provided by electronic mail to Senior U.S. Probation Officer Chad Cordwell and AUSA Matthew Hart Perry.

        */s/ Warren A. Zimmerman*
        WARREN A. ZIMMERMAN
        Attorney for Defendant