**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

v.                                           Case No. 8:17-CR-561-T-17TGW

**NEYBER CAIADO**
_____/

# SENTENCING MEMORANDUM

The Defendant, Mr. Neyber Caiado ("Mr. Caiado"), by and through his undersigned attorney, Mr. Adam J. Nate, pursuant to 18 U.S.C. §§ 3553 and 3551, files this memorandum in support of his request for a prison sentence of 120 months, followed by a 5-year term of supervised release.

Mr. Caiado will appear before this Honorable Court on July 13, 2018, and will be sentenced for conspiring to possess, and possessing, five kilograms or more of cocaine with the intent to distribute, in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), 21 U.S.C. § 960(b)(1)(B)(ii), and 18 U.S.C. § 2. Mr. Caiado's history and characteristics are set out in Part C of the Presentence Report ("PSR"), and his background indicates he is not a threat to the public, and there is little risk he will commit future crimes. 18 U.S.C. § 3553(a)(2)(C). Mr. Caiado has no criminal history, no history of mental or emotional difficulties, and no history of substance abuse. PSR ¶¶ 30 – 34, 50 – 53. He only has a fifth-grade education in the formal sense, but has earned the equivalent of a GED, and hopes to learn English and

1

develop employable skills while in prison. PSR ¶¶ 54 – 56. Each of these facts reveal Mr. Caiado is unlikely to become a danger to society, especially in any violent sense. To the extent the Court has any concerns he could be considered a danger, the requested sentence of 10 years in prison adequately safeguards American citizens from additional lawbreaking.

The Court is required to impose a sentence that "afford[s] adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). The requested sentence of 120 months will, without question, specifically deter Mr. Caiado. The lengthy time in prison will incapacitate him and prevent him from committing other crimes, in addition to discouraging him from committing future illegal acts by instilling in him a deep understanding of the penalties. A prison sentence of the length requested could also act as a general deterrence to other people considering similar conduct, as a decade in prison for a first-time offender undoubtedly "reflects the seriousness of the offense" and "provide[s] just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Thus, all of the statutory factors the Court must consider are sufficiently reflected and accounted for in the requested sentence.

Along with considering the 18 U.S.C. § 3553 factors, the Court must consider Mr. Caiado's objection to the PSR's 2-level enhancement to his base offense level pursuant to United States Sentencing Guidelines ("USSG") § 2D1.1(b)(3)(C). PSR ¶ 20. That section of the USSG recommends an enhancement if a defendant "acted

as a pilot, copilot, captain, navigator, flight officer, or any other operation officer aboard any craft or vessel carrying a controlled substance." USSG § 2D1.1(b)(3)(C). Mr. Caiado objects to this sentencing enhancement, and the United States must establish the facts supporting the enhancement by a preponderance of the evidence. Put differently, the United States must prove the existence of a fact is more probable than not. *United States v. Perez-Oliveros*, 479 F.3d 779, 783 (11th Cir. 2007). This is not a "toothless standard," and the United States must carry its burden by presenting reliable and specific evidence. *United States v. Lawrence*, 47 F.3d 1559, 1566 (11th Cir. 1995); *United States v. Almedina*, 686 F.3d 1312, 1315 (11th Cir. 2012).

The Eleventh Circuit, along with at least two other circuits, has declined to embrace and apply a consistent definition of the term "captain." Instead, it calls for district courts to conduct an inquiry into the facts of each case, and after such an inquiry apply a "functional definition" of the term "captain." *United States v. Cartwright*, 413 F.3d 1295, 1298 (11th Cir. 2005); *See also United States v. Senn,* 129 F.3d 886, 896-97 (7th Cir. 1997), and *United States v. Guerrero,* 114 F.3d 332, 346 (1st Cir. 1997).

In *Cartwright*, the Eleventh Circuit upheld the captain enhancement where the defendant (1) disclosed he was a lifelong fisherman, (2) admitted he was driving the boat when the Coast Guard boarded it, (3) followed instructions from other

shipmates on where to steer the boat, and (4) used a compass to navigate the boat. *Cartwright*, 413 F.3d at 1299. The fact the defendant "was not officially named the captain or pilot [was] not dispositive." *Id.*

In *United States v. Rendon*, 354 F.3d 1320, 1329 (11th Cir. 2003), the captain enhancement was found applicable even though the defendant was not listed as the captain on the ship's manifest. The defendant in *Rendon* (1) identified himself to the Coast Guard as captain, (2) admitted he navigated the boat, (3) was apparently the only crewmember with knowledge of the ship's course, (4) had hired the crew, and (5) directed the crew's operations onboard the vessel. *See also United States v. Hernandez*, 864 F.3d 1292 (11th Cir. 2017) (the evidence established the defendant acted as the captain of the vessel containing a controlled substance; the defendant identified himself as the captain when the Coast Guard boarded the vessel, he held a captain's license in Guatemala, and a co-defendant later confirmed the defendant was the ship's captain).

In this case, Mr. Caiado did not identify himself as the captain when USCG Officer Thomas Valentino addressed Mr. Caiado and his five co-defendants aboard the GFV. The following is how Officer Valentino described the encounter in his official statement:

> I followed the Go Fast Business Rules to determine who was the master, asking questions to each person, but I did not get a response from anyone. One person on board, later determined to be Neyber Caiado, was clearly upset that we interdicted them and was slapping and

4

punching the hull in anger. Neyber Caiado was the first person to respond to my question regarding nationality of the people on board, so we concluded that he was the person in charge (PIC).

The allegation Mr. Caiado (a) was upset at being interdicted by the USCG, and (b) was the first person to respond to a question posed to the entire crew of the GFV regarding nationality, are allegations that are not, individually or together, relevant towards proving he was the captain or master of the GFV. In addition, USCG Officer Chad Vacco contradicts Officer Valentino's version of the events. Officer Vacco alleges "Officer Valentino asked who the master was," and alleges Mr. Caiado "raised his hands and pointed at himself," which conflicts with Officer Valentino's own written, sworn statement.

Finally, besides never identifying himself as the captain, there is no evidence Mr. Caiado had a captains license, and he never made admissions related to hiring other crewmembers or being the director of the crew's operations onboard the vessel.

In summary, Mr. Caiado objects to the PSR's 2-level enhancement to his base offense level pursuant to USSG § 2D1.1(b)(3)(C), and given the evidence, lack of evidence, and conflicts in the evidence, the Court should sustain Mr. Caiado's objection.

**WHEREFORE**, Mr. Caiado respectfully requests a prison sentence of 120 months, followed by a 5-year term of supervised release.

Mr. Caiado also requests this Court make the following recommendations as part of his sentence:

1) Recommend Mr. Caiado be housed at either FCI – Fort Dix or FCC – Coleman;

2) Recommend Mr. Caiado be allowed to work and participate in the UNICOR Program if he fulfills the programs eligibility requirements; and

3) Recommend Mr. Caiado learn a vocational trade and take English classes.

DATED this 11th day of July, 2018.

Respectfully submitted,

DONNA LEE ELM
FEDERAL DEFENDER

**/s/ *Adam J. Nate***

Adam J. Nate
Florida State Bar No. 0077004
Assistant Federal Defender
400 North Tampa Street
Suite 2700
Tampa, Florida  33602
Telephone:  813-228-2715
Fax:         813-228-2562
Email:       Adam_Nate@fd.org

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of July, 2018, a true and correct copy of the foregoing was furnished by the CM/ECF system with the Clerk of the Court, which will send a notice of the electronic filing to:

Mr. Matthew H. Perry, Assistant United States Attorney

### */s/ Adam J. Nate*

Adam J. Nate
Assistant Federal Defender